NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30150 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-02024-SAB-1 |
| v. | |
| CLIFTON FRANK PETER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted June 26, 2023**

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Clifton Frank Peter appeals from the district court's judgment and

challenges the 600-month sentence imposed following his guilty-plea conviction

for three counts of second-degree murder, in violation of 18 U.S.C. §§ 1111 and

1153.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Peter contends that his above-Guidelines sentence is substantively unreasonable because it is a de facto life sentence, which is a sentence imposed for murders committed with premeditation. He argues that, although tragic, his offense "remains within the heartland" of the second-degree murder guideline, and his mental state of extreme intoxication distinguishes his conduct from that of premediated, first-degree murder. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Under the facts of this case, the district court reasonably concluded that the applicable Guidelines range did not adequately account for the fact that Peter committed three murders. *See United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (sentencing court may conclude that the applicable Guideline range does not sufficiently account for the nature and circumstances of the defendant's particular offense). The above-Guidelines sentence is substantively reasonable under the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including the serious nature of the offense, Peter's history and characteristics, and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**